IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                        Case No.  12-10254-JWB

PENINNAH MISENTE ARIGA,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to seal case or expunge criminal record.  (Doc. 31.)  On March 26, 2013, Defendant pled guilty to one count of false representation to the government in violation of 18 U.S.C. § 1001(a)(2).  (Doc. 24 at 1.)  According to the plea agreement, Defendant represented that she was authorized to be employed in the United States when she was not so authorized.  (Doc. 24 at 2.)  Defendant was sentenced by Judge Carlos Murguia on July 1, 2013, receiving one year of unsupervised probation, a $500 fine, and a $100 special assessment.  (Doc. 27 at 2, 4.)  This sentence also came with the hefty price of being branded a federal felon.  (*Id.*)  To the court's knowledge, Defendant completed her sentence without issue.

Defendant now moves this court, pro se, to "exercise its equitable authority to seal or expunge the criminal record in this case."  (Doc. 31 at 2.)  In support of her request, Plaintiff explains that she has complied with her sentence and accepted responsibility for her actions which occurred 15 years ago.  (*Id.* at 1.)  She states that she subsequently earned a Bachelor of Science in Nursing and is employed as "Critical Care Nurse in a Level 1 Trauma Center."  (*Id.*; Doc. 31-1 at 1.)  Defendant also volunteers at her church and has become the mother of two children.  (Doc.

1

31 at 2.)  She "works diligently to provide a stable and positive environment for her family."  (*Id.* at 2.)  Despite these actions, she explains that her criminal conviction "creates ongoing hardship and barriers to professional opportunities" including presenting an obstacle to her desire to join the United States military.  (*Id.*)

The court is sympathetic to Defendant's arguments and situation but unfortunately it lacks jurisdiction to provide the requested relief.  Therefore, for the reasons explained below, the court DENIES Defendant's motion.  (Doc. 31.)

The Sixth Circuit has outlined three possible categories of jurisdiction to grant expungements: "(1) when the court has original jurisdiction; (2) when a statute authorizes expungement of a conviction under certain circumstances; or (3) when a court has ancillary or equitable jurisdiction."  *United States v. Salgueido*, 256 F. Supp. 3d 1175, 1177 (D.N.M. 2017) (citing *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010)).

Here, none of the three jurisdictional avenues are viable.  First, as in *Salgueido*, this court's original jurisdiction terminated when Defendant's judgment became final which is over a decade ago.  *Id.* at 1178.  Second, Defendant has identified no statutory authority that enables relief, and no applicable statute is obvious to the court.  That leaves equitable jurisdiction, which is only permissible if a "conviction is somehow invalidated" as it was unlawful.  *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993).  As the Tenth Circuit has explained, "there is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law."  *Id.*  Federal courts have more authority to expunge arrest records after acquittal or dismissal of charges than they do to expunge lawful convictions.  *Id.*  "On this record, however, there is no allegation that the conviction was in any way improper. The sole contention is that Defendant has been punished enough, and that the

2

presence of the conviction is unjustly interfering with her efforts to rebuild her life." *Id.* So too here.

Otherwise, in absence of Congressional provision of authority, this court is without power to expunge Defendant's conviction. For the foregoing reasons, Defendant's motion to expunge her conviction is DENIED. (Doc. 31.)

IT IS SO ORDERED. Dated this 18th day of March, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE